**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4750**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID DEANGELO MCNEIL,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:12-cr-00229-RJC-1)

Submitted: April 25, 2017                                Decided: April 27, 2017

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas Richmond McPherson, III, MCPHERSON LAW, PLLC, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Sanjeev Bhasker, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Deangelo McNeil appeals the district court's judgment revoking his supervised release and sentencing him to a prison term of one year and one day. Finding no reversible error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *Id.* "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Sentencing Guidelines' Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors. *See* 18 U.S.C. § 3583(e) (2012); *Thompson*, 595 F.3d at 546-47. If there is no significant procedural error, we then consider the sentence's substantive reasonableness under the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

McNeil claims that his sentence is procedurally unreasonable because the district court failed to explain adequately its reasons for imposing a prison term of one year and one day. Having reviewed the record, we find the district court's explanation sufficient. *See Thompson*, 595 F.3d at 547 (discussing standard). We also reject McNeil's argument that his sentence, which exceeded by one day the applicable Sentencing Guidelines' advisory policy statement range, is substantively unreasonable.

2

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*